ROBERT GOELET *et. al.*, Appellants, *vs.* THE BOARD OF ALDERMEN OF NEWPORT.

Public Statutes, R. I. cap. 64, § 18, provide that "all lands which have been or shall be quietly, peaceably, and actually used and improved and considered as public highways for the space of twenty years, and which shall be declared by the town council of the town wherein they lie to be public highways, shall be taken and considered as public highways to all intents and purposes." . . .

In proceedings to declare certain lands a highway under this act, deeds were offered in evidence to show that the lands had become a highway by dedication and had been recognized as such.

*Held*, that the deeds were admissible as tending to show that the lands had been "considered" a highway.

After the lands had been opened as a street and had remained so for some time the street was obstructed by a fence and gate, erected by one who did not own the soil of the street.

*Held*, that if, notwithstanding the fence, the public quietly, peaceably, and actually used the street as a highway, the impediment of the fence and gate was unimportant; otherwise if, on account of the fence, the public ceased to use the street, or used it not as a highway but as a way by sufferance.

*Held,* further, that the user or non user by the public as described in the statute was a question for the jury.

*Held,* further, that an actual user for twenty years, as described in the statute, was essential in proceedings under the statute to declare the street a highway.

EXCEPTIONS to the Court of Common Pleas.

*Providence, December* 1, 1883. DURFEE, C. J.    This is a proceeding under Pub. Stat. R. I. cap. 64, §§ 18, 19, begun before the board of aldermen of the city of Newport, to have Webster Street, so called, in said city, declared to be a public highway. The proceeding was carried by appeal to the Court of Common Pleas, and comes here from that court by bill of exceptions. The portion of Webster Street involved in the proceeding was fenced out as a street in 1855 by the then owner, in pursuance of a covenant entered into between him and the owner of the land covered by another part of said street. From 1855 to 1874 the street was open to the public, and there was more or less actual use of it as a highway. In 1875 a fence was erected across it by an abuttor, who was not, however, an owner of the soil of the street. The abuttor testified that the fence was erected for the purpose, among other purposes, of preventing the public from gaining any rights by use. It remained standing until 1881 or 1882, when it was torn down. There was a gate in it over the travelled part of the street, which was sometimes left open and sometimes kept closed, but which was not so closed but that it could be readily opened except in the winter. Testimony was introduced to show that after the erection of the gate the street ceased to be used by the public at large as before, though there was no absolute exclusion, and that, as a rule, it was only used as a way to and from the kitchen of the abuttor aforesaid.

The questions raised by the exceptions call for a construction of § 18, which reads as follows, to wit:

"All lands which have been or shall be quietly, peaceably, and actually used and improved, and considered as public highways for the space of twenty years, and which shall be declared by the town council of the town wherein they lie to be public highways, shall be taken and considered as public highways, to all intents and purposes, as fully and effectually as if the same had been regularly laid out, recorded, and opened by the town council of the town where such lands may lie."

The first two exceptions are to the admission of certain deeds which were introduced to show that the street had become a public highway by dedication and had been recognized as such. We think that any evidence going to show that the street had been dedicated and was recognized as a public highway was admissible, because such dedication and recognition tend to show that the street was " considered " as a public highway, the fact that it was so considered being a part of what is required to be proved by § 18.

The other exceptions are to instructions given to the jury by the court in its charge, and to the refusal of the court to charge as requested. The appellants requested the court to charge the jury that " the burden of proof is always on the board of aldermen to establish by a preponderance of evidence the quiet, actual, and peaceable use for twenty years of the strip of land as a public highway, and if it has not done so, it is not entitled to a verdict." This the court granted, with the modification that " the obstruction referred to in the testimony, the gate, &c., if placed across the street after it had become a highway by dedication and acceptance, would not be in the eye of the law any such obstruction as to prevent the statute from running, the obstruction in such a case being merely a nuisance." The appellants made other requests of a similar purport which the court granted with similar qualifications. The court also instructed the jury upon what evidence they could find that a highway by dedication and acceptance existed; and charged them that if they found that Webster Street had once so become a highway, " the owners of the soil could not afterwards take it back or make evidence to rebut or overthrow the establishment of it by putting a fence across the way, with or without a gate, or in any other manner, and any such attempted interference with the public use would be a nuisance, and should not be regarded as an interruption of such use in any event."

The appellants seem to have the idea that to prevent the operation of the statute it is only necessary to erect a fence across the way for the purpose, and that thereupon the statute ceases to be operative, whether the actual use of the way as a highway is stopped or not. Doubtless the idea is founded on a supposed an-

alogy between the statute and the statute of possessions, under which it is only necessary for the legal owner who has been disseized to enter upon the land openly for the purpose of asserting his right and then asserting it by some act of ownership, to arrest the running of the statute. We very much doubt whether the analogy can be held to go so far; for the disseizin under the statute of possessions, to be effectual, must be "uninterrupted" for twenty years as well as quiet, peaceable, and actual." But even if the analogy could be allowed, it would not hold here; for to work an interruption, the entry must be by the legal owner in the assertion of his right, whereas here the fence was erected by a person who was not the legal owner, and who, if he were the legal owner, was not asserting his right, but only committing a nuisance, if the way had already become a highway by dedication. If, therefore, after the erection of the fence, the public continued in the quiet, peaceable, and actual use of the street as a highway, we do not think the mere fact that the travel was a little impeded by the fence, if it was impeded, would of itself prevent the statute from running. But on the other hand, if, in consequence of the fence, the public ceased to use the street, or if, using it occasionally, they did not use it as a matter of right, considering it to be a highway, but only as a matter of sufferance, then the statute ceased to operate in favor of the public, for the statute runs only so long as the street is "quietly, peaceably, and actually used and improved and considered as a highway." The question whether it continued or ceased to be used was a question for the jury, which should have been left to them for decision, but which, under the ruling of the court, was not left to them, if they found that the street had become a highway by dedication and acceptance before the fence was erected. The court seems to have thought an *actual* use for twenty years might be dispensed with, if, independently of it, the street had become a highway by dedication and acceptance. We think this was an error; for the proceeding, being a proceeding under the statute, could not avail unless the requirements of the statute were shown to have been completely fulfilled. A street may become a highway by dedication in much less than twenty years, but under the statute it cannot be declared to be a highway in such a proceeding as this is, until it has been

" quietly, peaceably, and actually used and improved and considered as a public highway for the space of twenty years."

The appellees contend that, even if the court below did err in its ruling, the appellants ought not to have a new trial, because the jury must have found that the highway existed, if not by twenty years' actual use, then by dedication, and therefore substantial justice has been done. We think, however, that it cannot properly be said that justice has been done in this proceeding until it has been shown that Webster Street has been actually used as a highway for twenty years. *Exceptions sustained.*

*Samuel R. Honey*, for appellants.

*Francis B. Peckham*, City Solicitor of the City of Newport, for appellees.